## N. M. RUST v. E. A. RUST.

No. 7042.   Decided June 1, 1938.
(117 S. W., 2d Series, 59.)

*Clarence E. Farmer,* of Fort Worth, for plaintiff in error.

The evidence on material issues being in conflict the Court of Civil Appeals is without authority to reverse and render the case, as the jury is the exclusive judge of the facts. Texas & Pac. Ry. Co. v. El Paso, 126 Texas 86, 85 S. W. (2d) 245; Reed v. Hester, 44 S .W. (2d) 1107; Wininger v. Fort Worth & D. C. Ry. Co., 143 S. W. 1150.

*Marvin H. Brown, Jr.,* and *M. Hendricks Brown,* both of Fort Worth, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This is a suit between father and son on two promissory notes dated May 1, 1932, both payable on demand. Plaintiff E. A. Rust, the son, sued his father, the defendant, N. M. Rust, for the amount of the notes, interest and attorney's fees. A jury trial resulted in findings favorable to the father, and judgment that the son recover nothing upon the notes. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment awarding the son recovery upon both notes. 88 S. W. (2d) 787.

The notes are set out in full in plaintiff's petition. The first is for the sum of $3203.30 payable on demand, recites that it bears interest at the rate of 10% per annum from date until paid and provides for payment of the usual 10% attorney's fees upon principal and interest. The second note is for $1407.59 and bears the same date as the first and is likewise payable on

demand. The remaining provisions are similar to those contained in the first, except the recitation that the promise to pay is for a car rather than for value received. Several defenses were pleaded by defendant in his amended original answer but all appear to have been abandoned upon the trial except the defense pleaded separately to each note that its execution was without consideration. Upon conclusion of the testimony plaintiff requested separately as to each note that a peremptory verdict be directed in his favor. The trial court denied both requests. There was no objection by either party to the court's charge as to the manner and form of submission. The following excerpt from the opinion of the Court of Civil Appeals shows the issues submitted and the jury's answers thereto.

"Question No. 1, in substance, is: Does the jury find there was no valuable consideration given by appellant to appellee for the execution and delivery of the $3,203.30 note? To which the jury answered 'Yes.' Question No. 2 instructed the jury that if they answered question No. 1 'Yes,' they need not answer the second question, which inquired what was the value, if any, of the consideration that passed. Under the instruction of the court, no answer was made to question No. 2. Question No. 3 inquired whether the jury found there was no valuable consideration given by appellant to appellee for the execution and delivery of the $1,407.59 note? To which the jury answered, 'Yes.' In Question No. 4 the court instructed the jury that if they answered question No. 3 'Yes,' they need not answer question No. 4, which inquired what was the value, if any, of the consideration that passed between appellant and appellee. At the request of appellee, the court submitted a special issue for the jury to find whether appellant gave the Ford touring car to appellee as a gift. The jury answered this question, 'Yes.' The court likewise submitted to the jury, at appellee's request, an issue inquiring whether appellant paid W. J. Rogers what appellee owed on the three notes, in the sum of $1,109.80. To which the jury answered 'No.' "

Upon the foregoing findings the trial court rendered judgment for the defendant.

Writ of error was granted because we were inclined to the view that the judgment of the Court of Civil Appeals reversing the trial court's judgment and rendering judgment for plaintiff should have been one of remand and not one of rendition. A consideration of the record upon review has led to the conclusion that the view to which we inclined when the writ was granted, is correct.

1   The evidence would have supported either an affirmative or negative answer by the jury to the ultimate issues inquiring whether a valuable consideration was given for each note respectively. It was not such that reasonable minds would not differ as to its import. The same is true with respect to the requested evidentiary issue making inquiry concerning payment by W. J. Rogers. The issue is referred to as evidentiary because there is evidence of other valuable consideration for the execution of the larger note besides the evidence of payment by the son of all of his and his father's joint indebtedness to Rogers. The evidence upon the issue inquiring whether the car was a gift was voluminous and highly conflicting. The issue was therefore purely one of fact for the jury's determination. Lord v. New York Life Ins. Co. et al., 95 Texas 221, 66 S. W. 290, 56 L. R. A. 596; Richardson v. Hutchins, 68 Texas 81, 87, 3 S. W. 276; Brown et al. v. Fore, (Com. App.) 12 S. W. (2d) 114.

2   The judgment of rendition of the Court of Civil Appeals is grounded upon its view that the father's own evidence established that at the time of the execution of the original notes there was a controversy between him and his son over the amount of his indebtedness and that the notes were executed by the defendant to settle the controversy. It may be argued persuasively that isolated bits of defendant's testimony so indicate, but his testimony as a whole is not subject as a matter of law to the construction placed upon it. Furthermore the case was not tried upon this theory. No issue was requested inquiring whether the original notes were executed in settlement of a controversy between the parties over the amount of an indebtedness of one to the other and plaintiff's lengthy supplemental pleading contains no special answer so indicating. We are not holding that such a defense could not prevail under a general denial of the pleas of absence of consideration, but only that the more than 200 pages of testimony does not as a matter of law establish that the notes were executed in settlement of a controversy over the amount of an alleged debt. The Court of Civil Appeals erred in so holding and in holding that the trial court should have granted plaintiff's requests for peremptory instructions. There was evidence to raise the issues of want of consideration pleaded by defendants, which, as between the original parties to the notes, interposed either complete defenses to the respective notes, or defenses thereto to the extent established by the evidence, as the case might be. Central Natl. Bank of Waco v. Lawson, (Com. App.) 27 S. W. (2d) 125; McKeever v. Brooks-Davis Chevrolet Co. et al., 74 S. W. (2d) 311; Green v. American Refining Properties, 22 S. W. (2d) 343; Gosdin v.

Montgomery, 92 S. W. (2d) 463; Henry et al. v. Sansom et al., 36 S. W. 122. See in this connection sections 24 and 28 of Article 5933, R. S. 1925. In some of the cases cited the notes were in the hands of third parties but they were holders with notice either actual or constructive of the absence of consideration.

3  The Court of Civil Appeals correctly held that the trial court erred in not sustaining a number of special exceptions urged by plaintiff to some of the allegations contained in defendant's amended answer. Want of consideration for the execution of the notes is pleaded as to each note separately. The allegations of paragraphs three and four of the amended answer are clear and ample as they relate to the pleas of absence of consideration. Added to such allegations, and commingled with them, are general allegations relating to "the use of undue influence" by the son, charging "misrepresentation" by him, and a taking of "advantage of his father's age, hearing, eyesight and understanding," stated in such terms as to allege conclusions only. Besides being objectionable as mere conclusions, they were irrelevant so far as the pleas of want of consideration of which they were made a part, is concerned. The trial court erred in overruling the exceptions. Morrison et al. v. Insurance Co. of North America, 69 Texas 353, 6 S. W. 605, 5 Am. St. Rep. 63. The special exceptions to paragraph seven relating to defendant's indebtedness to Mrs. Nellie Rogers were not relevant to the controversy and should have been sustained also. The allegations with reference to the son being indebted to the father were not sufficiently definite to constitute pleas of offset or counterclaims, if intended as such; if argumentatively pleaded, they were not proper, and were calculated to prejudice the rights of plaintiff. The special exceptions urged thereto should have been sustained, as well as the exceptions to the allegations relating to conversion by plaintiff of certain items of property; also the allegation, lacking in definiteness both as to time and amounts, charging that the son obtained much wheat and oats from the granary of the defendant.

4  It is familiar law that the only way in which the facts, if any, which lie behind the pleader's conclusions may be obtained by his adversary so that he may know what he is called upon to meet in the trial of the case, is by means of special exceptions. It is not necessary to discuss all of the special exceptions urged by the plaintiff. We are in accord with the holdings of the Court of Civil Appeals upon all of the special exceptions discussed in its opinion. Missouri K. & T. Ry. Co. of Texas v. Poole, 104 Texas 36, 133 S. W. 239; Riensch v. Waylon, 51 Texas Civ.

App. 45, 110 S. W. 781; Simpson v. Thompson, 43 Texas Civ. App. 273, 95 S. W. 94. Much testimony was doubtless heard by the court that probably would not have been admitted had the exceptions been sustained. The trial was very acrimonious, several members of the family testifying. W. J. Rogers, whose testimony obviously was highly important, was not present, apparently because he was a long-time friend of both parties and did not want to testify in a controversy of such bitterness.

If the record upon another trial be similar in pleading and proof to the present record, issues numbers 2 and 4 making inquiry concerning the value of the consideration, if any, that passed, should not be submitted. Failure of consideration, either total or partial, is not pleaded. Since absence of consideration only is alleged, issues should be framed accordingly. See in this connection section 28 of article 5933 and National Bank of Commerce v. Williams, 125 Texas 619, 84 S. W. (2d) 691.

That part of the judgment of the Court of Civil Appeals reversing the trial court's judgment is affirmed, and that part rendering judgment in favor of plaintiff is set aside and the cause remanded.

Opinion adopted by the Supreme Court June 1, 1938.