**H. R. FAMBROUGH, Appellant,**

v.

**O. K. SCHOOLER, Appellee.**

No. 3346.

Court of Civil Appeals of Texas.

Eastland.

Nov. 22, 1957.

Rehearing Denied Dec. 13, 1957.

Frank Sparks, Eastland, for appellant.

Thomas L. Blanton, Albany, for appellee.

This is an appeal from a judgment against the appellant, H. R. Fambrough, for $750 and an order overruling his plea of privilege.

Appellee, O. K. Schooler, instituted this suit against appellant in the county court of Shackelford County. He attempted to plead and prove fraud in connection with a $750 check executed and delivered by appellee to appellant for a lease on a one-acre tract of land in Stephens County.

The appellant timely filed his plea of privilege and the appellee timely filed his controverting affidavit, alleging that the county court of Shackelford County had venue under Exception 7 of Article 1995 of the Revised Civil Statutes, Vernon's Ann. Civ.St. art. 1995, subd. 7, which provides as follows:

"In all cases of fraud * * * suit may be brought in the county where the fraud was committed * * *."

The case was tried before a jury on the plea of privilege and on its merits at the same time.

Schooler's contention was that Fambrough agreed not to cash said check unless and until Schooler could secure a license to sell beer on said tract. Fambrough denied this and on August 9, 1956, two days after the deal was made in Stephens County, took the check to the First National Bank at Albany and received $25 in cash and the balance of $725 was credited to his account.

Points presented by appellant are that the court erred in overruling his exception to the pleadings, his exceptions to the court's charge and his plea of privilege and in rendering judgment in favor of the appellee.

Since appellee has wholly failed to challenge any of the statements made by appellant in his brief as to the facts or the record, this court would be warranted under the provision of Rule 419, Texas Rules of Civil Procedure, in accepting the statements so made by appellant as correct. However, we have checked the references in appellant's brief and find them to be correct.

The pleadings and evidence reveal that the representations and promises relied upon by appellee to show fraud were made by appellant in Stephens County. The only allegation and proof of fraud committed in Shackelford County was that appellant cashed the check there. Proof

of fraud, in order to maintain venue in Shackelford County, would have to include evidence that the alleged misrepresentations were made in Shackelford County. Austin v. Grissom-Robertson Stores, Inc., Tex.Civ. App., 32 S.W.2d 205.

The appellee's pleadings and proof further show that all the representations appellant made were promises of something to be done in the future. In order to constitute fraud the false representations must be of a past or existing fact. We quote from 20–A Tex.Jur., page 36, paragraph 14,

"A false representation, by general rule, in order to authorize relief on the ground of fraud, must be of a past or existing fact, and not a promise of something to be done in the future, even though the promise is, without any excuse, subsequently broken.

"Ordinarily a promise to perform some act in the future, although made by one party as a representation to induce the other to enter into the contract, will not amount to fraud in legal acceptation, though subsequently the promise is, without any excuse, entirely broken and nonfulfilled. This is a plain and well-established proposition, about which there can be no controversy; otherwise every breach of a contract would amount to fraud."

The burden rested upon the appellee to plead, prove and secure appropriate jury findings that the fraud was committed in Shackelford County. As demonstrated by this record, he failed to discharge this burden.

Since the right to maintain the suit in Shackelford County was not established, neither the order overruling appellant's plea of privilege nor the judgment against him on the merits can be sustained. Therefore the judgments are reversed and the cause remanded for a new trial.