Rudie M. McGOUGH, Appellant,

v.

MASSEY–FERGUSON, INC., et al., Appellees.

No. 3903.

Court of Civil Appeals of Texas.

Eastland.

Oct. 16, 1964.

Rehearing Denied Nov. 13, 1964.

J. Carroll McConnell, Ft. Worth, for appellant.

Brundidge, Fountain, Elliott & Churchill, Roger A. Hansen, Dallas, for appellees.

Rudie M. McGough sued G. A. Dunn and Massey-Ferguson, Inc. for damages for failure to deliver to him certain farm machinery in accordance with a contract he alleged that he entered into with Dunn as the agent of Massey-Ferguson, Inc. Massey-Ferguson, Inc. filed a plea of privilege to be sued in Dallas County. McGough controverted said plea by alleging that Massey-Ferguson, Inc. was engaged in business in Eastland County and had agents there; that Dunn resided in Eastland County, was an agent of Massey-Ferguson, Inc., and the suit was maintainable in Eastland County against Massey-Ferguson, Inc. under exceptions 4 and 29a of Article 1995, Vernon's Ann.Civ.St.; that because of McGough's written contract with Dunn the suit was maintainable in Eastland County under exception 5; that McGough was fraudulently induced to execute and deliver notes and mortgages to Dunn; that Massey-Ferguson was a foreign corporation, had an agent in Eastland County and plaintiff's cause of action arose there and the suit was maintainable in Eastland County against Massey-Ferguson, Inc., under exception 7; that there was a conversion of the machinery by defendants, that this constituted a tres-

pass and the suit was maintainable in Eastland County under exception 9.

■ Upon a hearing, the court sustained Massey-Ferguson, Inc.'s plea of privilege. McGough has appealed. To obtain a reversal, appellant is required to show that his right to maintain the suit in Eastland County against Massey-Ferguson, Inc. was conclusively established under some exception to Article 1995. The only exception claimed by appellant to have been conclusively established about which there could be controversy is his right to maintain the suit under exception 4, which provides that if two defendants reside in different counties suit may be brought in any county where one of the defendants resides. Dunn resides in Eastland County. But, to maintain the suit in Eastland County against Massey-Ferguson under said exception 4 McGough is required to show that every element of a bona fide cause of action against the resident defendant was conclusively established. Dunn's liability was based upon an allegation that Dunn was the agent of Massey-Ferguson, Inc. Such allegation was not conclusively established. The contract between Dunn and Massey-Ferguson, Inc., shows the contrary. This was an essential prerequisite, under appellant's pleading, to establishment of appellant's right to maintain the suit in Eastland County under exception 4. King v. Jones, Tex.Civ.App., 307 S.W.2d 851, 853. However, the general rule is that an agent is not liable on a contract made for his principal. Ford Motor Co. v. Boatman, Tex.Civ. App., 345 S.W.2d 782, 783; 2 Tex.Jur.2d 602. Appellant alleged that Dunn executed the contract that is the basis of this suit as the agent of Massey-Ferguson, Inc. Since appellant has not alleged or conclusively proved a cause of action against Dunn he has not established the right to maintain the case against Massey-Ferguson, Inc. in Eastland County. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302. Massey-Ferguson is not a proper party to a nonexistent cause of action. See City of Stamford v. Ballard, Tex.Civ. App., 345 S.W.2d 596.

■ The suit is not maintainable against Massey-Ferguson, Inc. in Eastland County under exception 5. There was no written promise of Dunn to perform any act in Eastland County. Massey-Ferguson, Inc. did not promise in writing, or otherwise, to do anything in Eastland County.

■ Appellant's right to maintain the suit under exception 7 was not conclusively established. There was not any evidence of a fraud committed in Eastland County by any defendant. The suit is based upon an allegation that there was a breach of a contract to deliver to McGough some of the machinery purchased by him. Appellant's evidence is to the effect that he was supposed to get delivery of that machinery from a Mr. White, who apparently was a Massey-Ferguson, Inc. dealer in McKinney, but that White had sold it to someone else. Since it is not shown that either Dunn or White was Massey-Ferguson's agent, appellee certainly could not be held responsible for such act of White. No such liability is alleged. The dealership contract between Massey-Ferguson, Inc. and Dunn shows that Dunn was not said company's agent. Minneapolis-Moline v. Purser, Tex. Civ.App., 361 S.W.2d 239 (Ref. n. r. e.).

■ We have examined appellant's contention to the effect that he has conclusively established the right to maintain the suit in Eastland County against Massey-Ferguson, Inc. under other venue exceptions. We are forced to the conclusion that the record does not sustain such contention. Appellant has not established the right to maintain his suit against Massey-Ferguson, Inc. in Eastland County under any exception to Article 1995. Since the court has found against appellant we must presume that any disputed fact issue was decided in a manner that supports the judgment. The judgment is affirmed.