T. M. BROOKS, Appellant,

v.

Bruce PARR, Appellee.

No. 8436.

Court of Civil Appeals of Texas, Amarillo.

March 18, 1974.

Rehearing Denied April 15, 1974.

Gibson, Ochsner, Adkins, Harlan & Hankins (Mac W. Hancock III), Amarillo, for appellant.

Witherspoon, Aikin, Langley, Woods, Kendrick & Gulley (Thomas W. Kendrick), Hereford, for appellee.

ROBINSON, Justice.

Appellant Brooks challenges an order overruling his plea of privilege in a suit wherein appellee Parr alleges that Brooks, a corporate promoter, fraudulently induced him to borrow $50,000 and to invest that money by subscribing to the unissued shares of Agricultural Computing Company (ACC). No findings of fact or conclusions of law were filed. Appellee contends that venue was properly retained in Deaf Smith County pursuant to Article 1995, subdivision 7, Vernon's Ann.Civ.St. Reversed and rendered.

Appellant contends by points of error that the trial court's judgment should be reversed because plaintiff failed to establish by a preponderance of the evidence a cause of action in fraud. The essence of his argument under these points is that there is no evidence to establish a cause of action in fraud. Under the liberal briefing rules, we have treated these as "no evidence" points. Rules 1 and 418, Texas Rules of Civil Procedure; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286, 292 (1951). Therefore, the inquiry is whether the evidence, when viewed in the light most favorable to the judgment, as a matter of law requires a conclusion contrary to the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613 (1950).

Subdivision 7 of Article 1995, relied upon by plaintiff, requires that plaintiff plead and prove that the defendant committed actionable fraud in the county where the suit was filed. Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896 (1922); Guerra v. Texas Employers Insurance Association, 480 S.W.2d 769 (Tex. Civ.App.—Corpus Christi 1972, no writ). The plaintiff has the burden of pleading and proving by a preponderance of the evidence every element of a cause of action for fraud. These elements of actionable fraud are (1) a false representation made by the defendant; (2) reliance thereupon by the plaintiff; (3) action in reliance thereon by the plaintiff; and (4) damage resulting to the defrauded party from such representation. Madison v. Harper, 395 S.W.2d 842 (Tex.Civ.App.—Amarillo 1965, no writ). It is not necessary to prove a specific amount of damages at a subd. 7 venue hearing. Cockburn v. Dixon, 152 Tex. 572, 261 S.W.2d 689, 691 (1953).

To be fraudulent, the misrepresentation must be one of present or past facts. Before a promise to do something in the future can be actionable fraud, plaintiff must additionally plead and prove

that at the very time such promise was made, the promisor did not intend to carry it out. Urso v. City of Dallas, 221 S.W.2d 869, 872 (Tex.Civ.App.—Dallas 1949, writ ref'd); Morgan v. Box, 449 S.W.2d 499, 504 (Tex.Civ.App.—Dallas 1969, no writ).

By his counterpoints, Parr contends that the evidence is sufficient to support the trial court's implied findings of the existence of the elements of fraud and its implied conclusions of law that defendant Brooks committed actionable fraud in Deaf Smith County. Parr argues that Brooks, as an experienced promoter, "worked his way upon a farmer who did not know better" for Parr declined to invest any money in the shares of ACC until Brooks told him "there is no risk." Parr concludes that Brooks' representation that "there is no risk" is a representation of the future value of the ACC stock and amounts to fraud because Brooks had special knowledge upon the subject of which Parr is excusably ignorant.

■ We recognize that a stock salesman's representations in the form of opinions or promises concerning future returns on the stock can amount to actionable fraud if the plaintiff proves that the representations were known to be false by the salesman making them when they were made, were made to deceive the purchaser and to induce him to purchase the stock, and were relied upon by the purchaser. Russell v. Industrial Transp. Co., 113 Tex. 441, 251 S.W. 1034, 1037 (1923), 258 S.W. 462 (1924); Texas Industrial Trust v. Lusk, 312 S.W.2d 324, 326–327 (Tex.Civ. App.—San Antonio 1958, writ ref'd). However, that principle does not apply to the facts of the case before us.

■ The clear import of Parr's testimony is that Brooks said that "there is no risk" in investing in ACC stock *because* the repayment of the money Parr would borrow to purchase those shares would be guaranteed by Brooks. Brooks promised, according to Parr, that Brooks would guarantee and pay the principal of the loan so Parr would not have risked any of his own funds. However, Brooks suggested that if the stock appreciated, Parr could sell a small part of his holdings and personally pay off the loan with the profits realized from such a sale of his ACC shares. This evidence does not support Parr's contention that Brooks induced Parr to subscribe to shares of ACC by *stating* that ACC stock, in itself, was "no risk" stock.

■ The fraud alleged to have occurred must be the gist of the action proved. Roddy v. Denton County, 280 S. W.2d 793, 795 (Tex.Civ.App.—Fort Worth 1955, writ dism'd). Here, Parr offered evidence that, although Brooks made some sort of guarantee to the bank, Brooks failed to perform the promise that he would personally repay Parr's loan for $50,000 so that Parr would not be risking any of his own capital by investing in the shares of ACC. This evidence of defendant's failure to comply with the alleged agreement will not support a finding of actionable fraud. Stegall v. Lytle, 360 S.W.2d 898 (Tex.Civ. App.—San Antonio 1962, no writ). Even assuming that Parr's uncontroverted testimony constitutes proof of the necessary elements of a suit for breach of contract, it is no evidence of actionable fraud. Baines v. Mensing, 75 Tex. 200, 12 S.W. 984 (1889); Underwood v. Williams, 488 S. W.2d 515 (Tex.Civ.App.—Fort Worth 1972, no writ).

■ In addition, Parr's petition and controverting affidavit allege that certain of Brooks' other opinions and representations concerning future actions were falsely made and actionable. However, there is no evidence to show that at the very time Brooks expressed these other opinions and representations, he knew they were false or he intended not to carry them out. Therefore, such representations cannot be a basis for actionable fraud.

Appellee does not contend, and we do not find, that venue can be maintained under any other exception to the general venue statute. At the venue hearing, the case

was tried on the theory that subd. 7 applied and the evidence on the issue of fraud was fully developed. Therefore, the judgment of the trial court is reversed and rendered sustaining defendant's plea of privilege and ordering the cause transferred to a district court in Dallas County. Rule 89, T.R.C.P.