**PRECISION MOTORS, INC.,**
Appellant,

v.

**William F. ENGLISH, Appellee.**

**No. 7646.**

Court of Civil Appeals of Texas,
Beaumont.

Dec. 12, 1974.

Rogers, Ehrle & Hughes, Austin, for appellant.

Stephen M. Orr, Austin, for appellee.

STEPHENSON, Justice.

This is an appeal from an order overruling defendant's plea of privilege. Plaintiff, William English, brought this suit in Travis County, against defendant, Precision Motors, Inc. Defendant filed its plea of privilege to be sued in Dallas County, and plaintiff's contraverting affidavit relied upon art. 1995, §§ 7 and 23 of Vernon's Tex.Rev.Civ.Stat.Ann. (1964) to retain venue in Travis County. The parties will be referred to here as they were in the trial court.

Findings of fact and conclusions of law were made supporting both §§ 7 and 23 that fraud and a part of the cause of action arose in Travis County. One of the findings of fact was to the effect that defendant told plaintiff over the telephone, while plaintiff was in Travis County, that defendant had the parts in stock necessary for repair of plaintiff's automobile and that it would take ten to fourteen days to repair the car.

The undisputed evidence shows: plaintiff, a resident of Travis County, owned a Ferrari automobile in need of repair. Following a telephone conversation between

plaintiff in Austin and defendant in Dallas, the automobile was delivered by plaintiff to defendant in Dallas. Because of lack of parts, it was almost a year before the automobile was returned to plaintiff.

The material allegations in plaintiff's petition were: That plaintiff from Austin contacted defendant by telephone in Dallas. Defendant represented to plaintiff that it was qualified to make the repairs and the work would be performed in a satisfactory manner in two weeks. That such representation was false and defendant was not capable and did not perform the work in a satisfactory manner. That plaintiff relied upon such representations. That certain damage resulted from defendant's not protecting such automobile during the year it kept the car. That defendant charged $2,400 for services rendered which were not worth that amount. That plaintiff had to spend another $2,500 repairing the car. That plaintiff was deprived of the use of the car for a year to his detriment in the amount of not less than $10,000. Plaintiff's controverting affidavit incorporated his petition by reference.

Plaintiff was the only witness, and his testimony, in substance, was as follows: He bought this Ferrari automobile in Italy, and when he had mechanical trouble, called the U. S. distributor in Reno, Nevada. He was told there that he should call defendant in Dallas, the only authorized dealer in Texas. After describing his trouble to the Reno distributor, he was told it would be safe to drive the car to Dallas. Plaintiff then called defendant in Dallas, and told the shop foreman about his conversation with the distributor; that defendant had the parts available and also that it was safe to drive the car to Dallas. Defendant's shop foreman told plaintiff they would be able to repair the car in seven to ten days, fourteen at the outset. Plaintiff drove the car to defendant in Dallas, and the repairs took one year. That the car was almost like new when he delivered the car to defendant, and it was a wreck when he got it back. That it cost plaintiff $8,000 to put it back together again. He called the defendant weekly, and was told the repairs would be made shortly; that defendant was still waiting for the parts. Plaintiff finally called a friend in Italy and got the parts. Plaintiff lives in Austin, and no agent of defendant ever came to Austin. His only contact with defendant was by telephone.

Section 7 requires that plaintiff plead and prove that defendant committed actionable fraud in Travis County. One of the elements of fraud is that a false representation must be made by the defendant. To be fraudulent, the misrepresentation must be one of present or past facts. Before a promise to do something in the future can be actionable fraud, plaintiff had to additionally plead and prove that at the very time the promise was made, defendant did not intend to carry it out. This plaintiff failed to do. Brooks v. Parr, 507 S.W.2d 818 (Tex.Civ.App.—Amarillo 1974, no writ); Underwood v. Williams, 488 S.W.2d 515 (Tex.Civ.App.—Fort Worth 1972, no writ); Urso v. City of Dallas, 221 S.W.2d 869, 872 (Tex.Civ.App.—Dallas 1949, writ ref'd); Morgan v. Box, 449 S.W.2d 499, 504 (Tex.Civ.App.—Dallas 1969, no writ).

The generally accepted rule is that future predictions and opinions do not serve as a basis of actionable fraud. Maness v. Reese, 489 S.W.2d 660, 663 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.).

A careful reading of the testimony shows the only promise made by defendant over the telephone to plaintiff in Austin was to the effect that the car could be repaired in seven to ten days, fourteen at the outset. All other promises made by defendant were after plaintiff arrived in Dallas. It is apparent that plaintiff's cause of action as alleged and proved is one for breach of contract. A mere failure to perform an agreement does not constitute actionable fraud. Johnston v. Bracht, 237 S.W.2d 364 (Tex.Civ.App.—San Antonio 1951, no writ).

Plaintiff cites First State Bank v. Von Boeckmann-Jones Co., 359 S.W.2d 171

(Tex.Civ.App.—Austin 1962, no writ). It is noted that the fraudulent statement relied upon was that defendant bank was holding certain collateral, which if untrue, was a misrepresentation of a present fact. As shown above, the law of that case has no application to the case before us.

There is no suggestion, either in the pleadings or evidence, that any contract between plaintiff and defendant was in writing, or that any part of the contract was performable in Travis County. Plaintiff testified he placed the call to Dallas, and there is no evidence which could be construed to mean that defendant made plaintiff an offer which was accepted by plaintiff. If the cause of action should be determined to be one based upon negligence, there is no suggestion, in the pleadings or evidence, that any act of negligence occured in Travis County. Section 23 has no support in the evidence.

Reversed and remanded with instructions to the trial court to transfer this case to Dallas County.

Reversed and remanded.