**CITIZENS STANDARD LIFE INSUR-
ANCE CO., Appellant,**

v.

**Smith E. GILLEY, Appellee.**

No. 18552.

Court of Civil Appeals of Texas,
Dallas.

March 20, 1975.

Robert M. Martin, Jr., Jack L. Paris, Jr.,
Storey, Armstrong, Steger & Martin, Dal-
las, for appellant.

Mark Pool, Richard A. Beacom, Jr.,
Greenville, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Venue action. Citizens Standard Life Insurance Company (hereinafter called Citizens) appeals from an order of the district court of Hunt County, Texas, overruling its plea of privilege to be sued in Nueces County. Reversed and rendered.

Smith E. Gilley sued Citizens in Hunt County seeking rescission of an annuity contract. After Citizens had filed its plea of privilege, Gilley controverted same and sought to maintain venue in Hunt County under the provisions of Vernon's Tex.Rev. Civ.Stat.Ann. art. 1995, subd. 7 (Vernon 1964), which provides:

> Fraud and defalcation.—In all cases of fraud . . . suit may be brought in the county where the fraud was committed . . . ..

Following a nonjury trial, the court overruled Citizens's plea of privilege. We hold that Gilley failed to sustain his burden of proving fraud within subdivision 7, above quoted, and, therefore, the trial court erred in overruling the plea of privilege.

The facts are undisputed. In May 1970, Gilley was contacted by Douglas Duke and Lester Caffey, both duly authorized agents of Citizens concerning the purchase of an annuity policy to be issued by Citizens. Several methods of paying the premiums were discussed following which it was agreed that Gilley would borrow against the cash surrender value of certain insurance policies owned by him. Upon receiving checks representing those cash values, Gilley endorsed the same and delivered them to the agents in consideration for the issuance of the annuity contract by Citizens. In due time, Gilley received the instrument from Citizens and placed it among his other papers. Several months later, Gilley discovered that the annuity contract had been issued to "Gilley E. Smith" instead of "Smith E. Gilley." Thereupon, he mailed the annuity policy to Citizens on March 15, 1971, requested that his name be corrected and the instrument he returned

to him. In the same letter, he requested information concerning the present values of the contract. On March 23, 1971, Citizens acknowledged receipt of the contract for a name correction and stated that the annual premium of $1,474.73 was not paid at the time the application was received by the company. The letter continued: "Our records do not show receipt of this payment and as a result, the policy was placed in our unfinished file. We will be happy to reissue this policy, dated currently, if you will forward us your check for the annual premium of $1,474.73."

On March 26, 1971, Gilley responded to this letter and advised Citizens that he was making a claim against the company for the sum of $1,474.73 and that unless such amount was paid back within the next ten days, he would proceed to file suit against the company and its authorized agents.

On March 31, 1971, Citizens wrote Gilley and stated: "We have today ascertained that you did in May, 1970, deliver to our authorized agent funds totaling $1,474.73 in payment of the annual deposit required in our annuity number 60314 and that the said contract had been in force from and after that date. We have made the changes of name as you requested, and enclose herewith the contract."

In his first amended original petition, Gilley alleged generally that "because of the fraudulent representations made by Douglas Duke and Lester Caffey, agents of Citizens Standard Life Insurance Company, acting within the scope of their authority . . . he was induced to pay to them the sum of $1,474.73." He further alleged that such "representations" were false and fraudulent; that they were material and induced him to purchase the contract; and that he has sustained damages in the sum of $1,474.73, together with interest. Special exceptions addressed to the generality of the pleading of "representations" was sustained by the trial court but the pleadings were not amended prior to the hearing of the plea of privilege.

Upon the hearing of the plea of privilege, Gilley testified that the agents persuaded him to borrow money on his insurance policies to pay the first annual premium on the annuity contract and that he thought that he had bought such a contract. He acknowledged that he had received the contract from Citizens and asserted that he did not know that he had not received a valid contract until Citizens advised him in March 1971, that they had not received the premium from their agents.

It is elementary that in order to defeat a plea of privilege, the burden is cast upon the plaintiff to allege and prove by a preponderance of the evidence that the cause of action falls within the venue statute. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935); Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953). With respect to subdivision 7 of article 1995 relating to fraud, the plaintiff must plead and prove that the defendant committed actionable fraud in the county where the suit was filed. Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896 (1922); Guerra v. Texas Employers Insurance Ass'n, 480 S. W.2d 769 (Tex.Civ.App.—Corpus Christi 1972, no writ), and Brooks v. Parr, 507 S. W.2d 818 (Tex.Civ.App.—Amarillo 1974, no writ). The plaintiff has the burden of pleading and proving by a preponderance of the evidence every element of a cause of action for fraud. These elements of actionable fraud are (1) a false representation of a present or past fact made by the defendant; (2) reliance thereupon by the plaintiff; (3) action in reliance thereon by the plaintiff; and (4) damage resulting to the defrauded party from such misrepresentation. Madison v. Harper, 395 S.W. 2d 842 (Tex.Civ.App.—Amarillo 1965, no writ). Before a promise to do something in the future can be actionable fraud, plaintiff must additionally plead and prove that at the very time such promise was made, the promissor did not intend to carry it out. Morgan v. Box, 449 S.W.2d 499, 504 (Tex.Civ.App.—Dallas 1969, no writ).

Appellee Gilley contends that the fact that the authorized agents of Citizens did not remit the premium payment to Citizens is sufficient as a matter of law to prove fraud. He argues that because the agents did not remit the premiums paid by him to the company, the annuity contract was not legally binding upon Citizens. In his brief, he argues that since there was allegedly no annuity in force, there had been a false representation by the agents to Gilley of present intentions to do something in the future, that being to issue a valid, effective annuity contract. He takes the position that proof of intent on the part of the agents not to have the policy issued is established inferentially. We cannot agree with any of the contentions advanced by appellee.

Admitted failure on the part of the authorized agents to remit Gilley's premium payment to Citizens does not result in actionable fraud against Gilley. The representations made by the agents to Gilley that a valid, binding annuity contract would be forthcoming upon the payment of the premium was absolutely true, not false. When Gilley delivered to the authorized agents the correct premium and Citizens delivered to Gilley the annuity contract agreed upon, Citizens became legally bound by the contract even though the premium was not thereafter transmitted to the company by its agents. As stated by the court in Kansas City Life Insurance Co. v. Elmore, 226 S.W. 709 (Tex.Civ.App.—Amarillo 1920, no writ):

> The insured, after its payment, had no control over the agent in remitting the sum. If it had been embezzled by the agent of appellant, this would not have affected the insured's rights.

Gilley admitted that he had received the annuity contract in May 1970, in consideration for the premium which he had delivered to Citizens's agents. Such annuity contract had been in full force and effect from the original date of issuance, and, by

the terms of the contract, had Mr. Gilley died at any time between May 15, 1970, and the date of instituted suit, Citizens would have been legally liable to pay Gilley's beneficiaries in the amount equal to the premiums paid to and until death, and this notwithstanding the fact that the agents never delivered the premium payments to Citizens. There being a valid contract which would have been enforceable against Citizens, appellee Gilley has failed to establish an essential element of actionable fraud, that of damages.

There is no evidence of actionable fraud which would bring the case within the subdivision of article 1995.

The judgment of the trial court is reversed and here rendered that the cause of action between appellee Gilley and appellant Citizens be transferred to a district court of Nueces County, Texas.

Reversed and rendered.