**DORFMAN DEVELOPMENT COMPANY, Appellant,**

v.

**AMERICAN COMMONWEALTH DEVELOPMENT COMPANY, Appellee.**

**No. 16477.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 24, 1975.

Lyne, Klein, French & Womble, Erich F. Klein, Jr., Dallas, for appellant.

Talbert, Giessel & Stone, Steven P. Mock, Alice M. Giessel, Houston, for appellee.

EVANS, Justice.

This is a venue case.

The Citadel, an apartment and office building project in Harris County, Texas, was developed pursuant to a limited partnership agreement originally made between appellant, Dorfman Development Company, the general partner, and Transport Management Company and Buddy Hackett, the limited partners. By amendment to the agreement, appellee, American Commonwealth Development Company, succeeded to and assumed the obligations of Transport Management Company, as a limited partner.

In 1973 and 1974, appellant, the general partner, made two loans to The Citadel, the first being in the amount of $3,794,400.00 and the second being in the amount of $300,000.00, both of which were evidenced by the Citadel's notes to appellant and secured by deeds of trust to Lee D. Schlanger, Trustee. Contemporaneously with these transactions, defendant, Property Trust of America, loaned to appellant the same amounts which had been loaned to the Citadel, and these loans were evidenced by appellant's promissory notes and secured by security agreements and collateral assignments covering The Citadel's notes to appellant. Appellee contends that these loans were made in such manner and without the consent of the limited partner as to constitute violations of the limited partnership agreement and that the deeds of trust securing the loans were invalid.

This appeal is from the trial court's order overruling appellant's plea of privilege seeking transfer of venue to Dallas County, the county of its residence. Appellee, in its controverting affidavit and upon this appeal, asserts that venue is maintainable in Harris County under the mandatory provisions of Subdivision 14 of Article 1995, Vernon's Tex.Rev.Civ.Stat.Ann. and also under Subdivisions 5, 23 and 4 of that statute. In seven points of error appellant asserts that appellee failed to meet its burden of proof under those subdivisions.

■ In determining whether Subdivision 14 applies, we must ascertain from the face of appellee's amended petition and its controverting affidavit the principal right asserted and the relief sought. 1 McDonald, Texas Civil Practice, 4.22.2, p. 488.

Appellee's amended petition alleges that appellant, the general partner, breached its duties and obligations under the limited partnership agreement and that a bona fide dispute existed as to the legal interpretation of the controlling documents and as to whether appellant's conduct violated the terms of the agreement. Appellee alleged, among other things, that appellant did not have the authority to enter into the loan transactions without appellee's consent, which consent and authority it alleged was not given by it, and that both Property Trust of America and Lee D. Schlanger, Trustee, had knowledge prior to such loans that the consent of appellee was required under the terms of the agreement and that appellee had not given its consent. Appellee sought declaratory relief as to the rights of the parties under the agreement and a judicial determination that the deeds of trust did not constitute valid liens on the property.

Appellant contends that the appellee's petition failed to allege that appellant was asserting any lien on the property and that the only liens involved are those asserted by the defendant, Property Trust of America, in connection with its two loans. As the general partner in The Citadel venture and the designated beneficiary in the deeds of trust, appellant was integrally involved in the loan transaction and its rights would definitely have been affected by any judgment declaring that transaction to be invalid. McDonald, Texas Civil Practice, Vol. 1, Section 3.24, p. 305.

Appellant further contends that the allegations of appellee's petition are directed toward the ultimate dissolution of the partnership and that venue should be determined upon the basis of the defendant's residence rather than by the location of the partnership property. In support of this contention appellant cites Kirschenbaum v. Smith, 480 S.W.2d 500 (Tex.Civ.App.—El Paso 1972, no writ), and Miller v. Howell, 234 S.W.2d 925 (Tex.Civ.App.—Fort Worth 1950, no writ). In both of these cases, the plaintiff was not seeking to have a lien against the partnership property declared void but was seeking dissolution of the partnership and incidental relief as to an accounting and for possession of the partnership assets.

■ In the case before us the essential relief sought by the appellee required an adjudication that the liens asserted by a third party with respect to the partnership property were invalid. Appellee's underlying theory, as evidenced by the allegation of its petition, was that the deeds of trust securing the loan were invalid because the loan transaction had been made by the general partner in violation of the terms of the partnership agreement and that both the lender and the trustee under the deeds of trust had knowledge of such facts. The primary object of the suit, as evidenced by appellee's petition, was the removal of an encumbrance from the property and the determination of the parties' rights under the partnership agreement was merely incidental to that purpose. Evans v. Speed, 339 S.W.2d 257 (Tex.Civ.App.—Fort Worth 1960, error dism'd).

■ A suit to cancel a deed of trust lien is an action involving land within the meaning of Subdiv. 14, fixing venue in the county where the land is situated. Pringle v. Southern Bankers Life Ins., 296 S.W.2d 347 (Tex.Civ.App.—Austin 1956, no writ); 1 McDonald, Texas Civil Practice, Sec. 4.-22.5, p. 495. Where the primary purpose of the suit is to remove an encumbrance from the title to land, the fact that additional relief is sought does not preclude the mandatory application of Subdiv. 14 fixing venue in the county where the land is situated. Best Investment Company v. Parkhill, 429 S.W.2d 531 (Tex.Civ.App.—Corpus Christi 1968, no writ); Joy v. Joy, 254 S.W.

2d 810 (Tex.Civ.App.—Fort Worth 1953, no writ). We hold that the trial court properly determined venue to be in Harris County, Texas under Subdiv. 14 of Art. 1995, Tex.Rev.Civ.Stat.Ann. In view of this holding we find it unnecessary to determine whether venue in Harris County is also proper under Subdivisions 5, 23, or 4 of that statute.

The judgment of the trial court is affirmed.