**EDWARD SCHARF ASSOCIATES, INC., Appellant,**

v.

**Barry M. SKIBA et al., Appellees.**

**No. 5579.**

Court of Civil Appeals of Texas, Waco.

June 24, 1976.

Goldberg & Alexander, John M. McMullen, Dallas, for appellant.

Herbert H. Phillips, Dallas, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Scharf from $2250. judgment for plaintiffs Skiba and Corley, in suit for damages for breach of a commitment to loan plaintiffs money.

Plaintiffs sued defendant alleging plaintiffs made application to defendant for a $28,050. loan to buy real estate plaintiffs had contracted to purchase; that defendant approved the application and made commitment to loan plaintiffs the money; that thereafter defendant refused to make the loan; that plaintiffs lost their earnest money deposited with the seller and sustained other damages. Plaintiffs further plead defendant acted willfully and sought exemplary damages.

Trial was to a jury, findings of which are summarized as follows:

1) During May or June 1974, defendant acting through its employees, informed plaintiffs, that defendant had

approved plaintiffs' loan application, and that defendant had made a commitment to loan plaintiffs money to purchase the property at 5807 Fox Hill Lane in Dallas.

2) Defendant failed and refused to provide the money for the loan.

3) Defendant's conduct in not providing the loan was not willful.

4) Plaintiffs' damage as result of defendant's failure to provide the loan was $2250.

The trial court rendered judgment on the verdict for plaintiffs against defendant for $2250.

Defendant appeals contending the trial court erred in rendering its judgment because plaintiffs' cause of action was based upon an oral contract contemplating the creation of a lien on realty, which is made unenforceable by the Statute of Frauds.

In April, 1974, plaintiffs Skiba and Corley made written application to defendant for a real estate loan to enable them to purchase a house located at 5807 Fox Hill Lane in Dallas. In May, 1974, plaintiffs were told by an employee of defendant that the loan had been approved. The contract of sale between plaintiffs and the owner required closing by June 15, 1974. The money for the loan was not provided by that time, and on June 18, 1974, defendant informed plaintiffs it did not have the money to loan plaintiffs. On July 9, 1974, another employee of defendant informed plaintiffs that defendant could not make the loan in the foreseeable future. The owner of the house had allowed plaintiffs additional time to try and get the money, but after July 9, 1974, retained plaintiffs' earnest money, and sold the house to others.

Plaintiffs' loan application reflects the loan would be secured by a first lien on the property and other evidence reflects plaintiffs were to execute a Deed of Trust on the property to secure the loan.

The Statute of Frauds pertinent to this case is contained in Texas Business & Commerce Code section 26.01 as follows:

"(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to * * *.

(4) a contract for the sale of real estate * * * ".

■ Thus the Statute of Frauds declares that agreements that come within it are unenforceable unless the agreement is in writing and is signed by the party to be charged therewith.

The consideration for defendant's promise to make plaintiffs the loan was that plaintiffs would give a lien and a Deed of Trust on the land. Such contract comes within the Statute of Frauds. *Kistler v. Latham,* Comm.Appls. Judgment Adopted, 255 S.W. 983, 985. Other cases holding that where a contract contemplates the creation of a lien or a mortgage, such contract is within the Statute of Frauds, and must be in writing to be enforceable are: *Woodman v. Bishop,* CCA (San Antonio) 203 S.W.2d 977; *West v. First Baptist Church of Taft,* 123 Tex. 388, 71 S.W.2d 1090.

See also *Poarch v. Duncan,* CCA (Er.Ref.) 41 Tex.Civ.App. 275, 91 S.W. 1110, which holds that a mortgage is a conveyance of real estate as security for the payment of a debt.

■ The effect of the Statute of Frauds is to render unavailing to the parties, as the ground of a claim, any parol contract, in whatever shape it may be put, by which either of them is to part with real estate. *Sprague v. Haines,* 68 Tex. 215, 4 S.W. 371, 372; *Chandler v. City State Bank in Wellington,* CCA (Amarillo) NWH, 135 S.W.2d 1013; *Aubrey v. Workman,* CCA (Ft. Worth) NRE, 384 S.W.2d 389; *Priddy v. Green,* CCA (Amarillo) NWH, 220 S.W. 243, 250.

Plaintiffs' cause of action was based on an oral contract to make them a loan on real estate, upon which plaintiffs would give defendant a lien and a Deed of Trust, and is within the Statute of Frauds. The insufficiency of a contract under the Statute of Frauds, precludes both recovery for specific performance, and damages for the breach thereof. *Moore v. Mohon,* CCA (Waco) NWH, 514 S.W.2d 508; *Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150.

Defendant's contention (and point) supra is sustained.

The judgment is reversed and judgment is here rendered that plaintiffs take nothing.

REVERSED AND RENDERED.