Pat HOLLOWAY, Appellant,

v.

Walter C. DANNENMAIER, Appellee.

William H. HOLLOWAY, Appellant,

v.

Walter C. DANNENMAIER, Appellee.

Nos. 18084, 18168.

Court of Civil Appeals of Texas,
Fort Worth.

May 3, 1979.

Rehearing Denied June 7, 1979.

Small, Craig & Werkenthin and Jim Alsup, Austin, for Pat Holloway and William H. Holloway.

Thomas L. Kolker, Austin, for Walter C. Dannenmaier.

## OPINION

HUGHES, Justice.

Pat Holloway and William H. Holloway, landlords, have appealed the denial of their pleas of privilege to be sued in their county of residence, Harris County. Each had been sued by Walter C. Dannenmaier, tenant, for return of a security deposit held by them in connection with his lease of an apartment from them in Travis County. The separate numbered appeals of Pat and William have been consolidated.

We reverse and render.

Tenant sued landlords on two counts and is seeking recovery on both. First, he seeks recovery under Tex.Rev.Civ.Stat.Ann. art. 5236e (1973) which provides for recovery against a landlord who in bad faith retains a security deposit after a tenant has vacated.

Second, tenant sued landlords under Tex. Bus. & Comm. Code. Ann. §§ 17.50, 17.46(a) and 17.46(b)(12) (Supp. 1978), for (a) "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce . . .", in (b)(12) representing that an agreement "confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law".

It is undisputed that: Tenant and landlords entered into a lease agreement in writing. Landlords own the property leased. Tenant deposited $175.00 with landlords under lease terms for security deposit. No written itemization of damages was received by tenant as to why the deposit was kept. Tenant left a forwarding address when he left. Tenant understood from landlords that "the security deposit was against damages on the place."

Tenant pleaded bad faith on the part of landlords in failing "to return or itemize damage deductions from a security deposit", as the basis of his first cause of action.

For his second cause of action, tenant pleaded "that defendants' representations in the lease that plaintiff's deposit would only be retained until he vacated the premises deceived plaintiff into believing he had said right." He alleged that such "misrepresentation" constituted a deceptive trade practice.

Tenant claims to have alleged a deceptive trade practice herein. Landlords say he has failed to allege any facts which fall under Tex. Bus. & Comm. Code Ann. § 17.56, (Supp. 1978).

The part of the lease pertinent to this controversy reads:

"3. The Tenant agrees to deposit with the Owner a sum equal to one month's rent or $175.00 said deposit to be retained until termination of the tenancy or this lease expires. This sum or a portion thereof will be applied against damage to the demised premises or its contents.

"4. The Owner shall be entitled to retain any part of or all of the said deposit necessary to cover the cost of cleaning, repairs or replacements of any damages or losses of property or items, including light bulbs, covered by this contract. Tenant will return all keys to the premises or forfeit the entire deposit.

"5. The Owner or his representatives shall have the right to enter and inspect the demised premises at any time during this agreement without being liable to prosecution or cause of action for damages, with effecting the obligation of this agreement.

"6. The Tenant agrees to pay for the cost of repairs, when damage results from mis-use or neglect, including stoppages in commode or sink."

Tex.Rev.Civ.Stat.Ann. art. 5236e (1973) provides, in effect, additional provisions to all contracts such as this which obligate landlords to refund security deposits within thirty days after tenant surrenders the premises. § 2(a). It also provides that landlords shall account in a written list for damages to property charged against the security deposit. § 3(a).

In alleging landlords' failure to return the deposit or provide the written list within thirty days, has tenant alleged a deceptive trade practice under § 17.56, supra? Has he alleged a "claim to relief" under § 17.50, supra?

Let us suppose that: Tenant, when he vacated the apartment, left a forwarding address where he could expect to receive his security deposit refund or a written list of damages in lieu thereof within thirty days. Landlords, in apparent disregard of the law and the contract, gave tenant neither the refund nor the written list and by their plea of privilege say "come down to Houston, where we live, to try to collect your $175.00, not in Austin where we did business together."

Would this not be a clever device to discourage tenants from seeking legal redress for return of withheld security deposits? Yes. Would this be a misrepresentation of rights, remedies, or obligations stated in the contract? No. Although tenant might believe that he could get a refund or a written explanation without going to court for same, he had no more guaranty than any other party to any contract that the same would not be breached. He still has the same rights as spelled out in the contract. As in any breach of contract, he has the right to bring an action to enforce them. His own testimony reflects that he knew the security deposit could be retained for damages to the property.

■ Usually mere failure to later perform a promise does not constitute misrepresentation. *Stone v. Enstam*, 541 S.W.2d 473 (Tex.Civ.App.—Dallas 1976, no writ). We note that the tenant failed to allege or attempt to prove that the landlords' failure to return the security deposit or an accounting thereof was part of some continuing practice or scheme. Further, there is no allegation or proof that the landlords never intended to refund the deposit at the time the obligation to do so was made. We assume, without deciding, such allegation and proof might state a cause of action for deceptive trade practices.

Tex.Rev.Civ.Stat.Ann. art. 1995(5) (1973) provides:

"5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, *or a definite place therein*, by such writing, suit upon *or by reason* of such obligation may be brought against him, either in such county or where the defendant has his domicile.

"(b) In an action founded upon a contractual obligation of the defendant to pay *money arising out of or based upon a consumer transaction* for goods, services, loans, or extensions of credit intended primarily for personal, family, household or agricultural use, suit by a creditor upon or by reason of such obligation may be brought against the defendant either *in the county in which the defendant in fact signed the contract,* or in the county in which the defendant resides at the time of the commencement of the action. No term or statement contained in an obligation described in this subsection shall constitute a waiver of this provision." (Emphasis ours.)

If the trial court's overruling of the plea of privilege is to be sustained we will have to do so by applying the written contract to Subd. 5, supra. We find no comfort for tenant in such an application.

■ While testimony reveals that the contract was signed in Travis County and the contract itself describes the property demised as being in Travis County, the particular obligation sought to be enforced, refund of the security deposit, does not have the place of performance of such refund in writing. Even the principal case cited by tenant says the obligation may be inferred, but the place where it is to be performed must be *expressed in writing.* (Emphasis ours.) *Ed Rachal Foundation v. Texas Oil and Gas Corp.*, 561 S.W.2d 33, 34 (Tex.Civ.App.—San Antonio 1978, writ dism'd). Many cases hold that for Subd. 5 to apply, the written contract must expressly require performance in a particular county. *Heath v. Gilbreath*, 536 S.W.2d 404 (Tex.Civ.App.—El Paso 1976, no writ); *General Motors Corporation v. Brady*, 477 S.W.2d 385 (Tex.Civ.App.—Tyler 1972, no writ).

We sustain points of error numbers 1, 4, 5 and 6.

We reverse the order of the trial court overruling landlord's plea of privilege and order that both cases be transferred to a proper court in Harris County.