Dr. M. L. COLEMAN, Appellant,

v.

HUGHES BLANTON, INC., Appellee.

No. 8740.

Court of Civil Appeals of Texas,
Texarkana.

April 8, 1980.

David K. Line, Lockman & Line, Associates, Dallas, for appellant.

Bart Wulff, Akin, Gump, Hauer & Feld, Dallas, for appellee.

RAY, Justice.

This suit was brought as a deceptive trade practices act case. Appellant (plaintiff), Dr. M. L. Coleman (Coleman), brought suit against appellee (defendant), Hughes Blanton, Inc. (Blanton), seeking damages for Blanton's failure to complete the construction of a swimming pool at Coleman's residence within the time agreed upon by the parties. Blanton filed special exceptions challenging the legal sufficiency of Coleman's petition and counterclaimed for damages alleged to have resulted from Coleman's anticipatory repudiation of the contract.

After a hearing, the trial court sustained Blanton's special exceptions and ordered Dr. Coleman to file an amended petition within 15 days after the receipt of the order. Coleman's counsel received the order sustaining the special exceptions on June 7, 1978, but failed to file an amended petition. On June 27, 1978, an order of dismissal for want of prosecution was entered by the trial court.

Dr. Coleman then filed a motion to reinstate his claim pursuant to Rule 165a, Tex. R.Civ.P. The motion was heard and denied.

Subsequently, Dr. Coleman attempted to revive his claim by filing "Counter-Plaintiff's Original Petition." Coleman's theory was that Blanton's counterclaim had survived and that Dr. Coleman was in effect filing a counterclaim to Blanton's action because the parties had become realigned. Blanton filed a motion to strike Dr. Coleman's counterclaim and the trial court granted the motion. Blanton then took a non-suit and the trial court entered a final judgment from which Dr. Coleman has appealed.

Appellant Coleman submits three points of error which can be summarized as follows:

(1) The trial court abused its discretion in refusing to grant Dr. Coleman's motion to reinstate the case;

(2) The trial court erred in striking "Counter-Plaintiff's Original Petition"; and

(3) The trial court erred in sustaining Blanton's special exceptions.

Tex.R.Civ.P. 165a provides that a case may be dismissed for want of prosecution on failure of a party to take some action specified by the court within 15 days after the mailing of notice of the court's intention to dismiss the case for want of prosecution. The rule also provides that "within 30 days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not inten-

tional or the result of conscious indifference but was due to an accident or mistake."

In Dr. Coleman's motion to reinstate, and at the hearing on such motion, appellant's counsel argued that he accidentally failed to "diary" the 15 day period on his calendar. Counsel testified that his failure to comply with the court's order to amend the petition was due to "other demands" which included a one-day jury trial on June 13, 1978; a five-day jury trial from June 19, 1978, through June 23, 1978; and several other judicial hearings on June 6, 7, 8, 9, 12, 13 and 16.

Dr. Coleman contends that a liberal construction of Rule 165a would result in a finding that the failure to amend was not intentional or the result of conscious indifference, but rather due to an accident or mistake. Appellant relies on *Mayad v. Rizk*, 554 S.W.2d 835 (Tex.Civ.App. Houston–14th Dist. 1977, writ ref'd n. r. e.). There the court held in a Rule 165a case:

> " . . . Some excuse, not necessarily a good one, is sufficient. Moreover, in proving that a party's failure to act was not intentional or the result of conscious indifference, he should only be required to give a 'reasonable' explanation as provided under Tex.R.Civ.P. 21c dealing with extensions of time for filing on appeal. . . . "

The *Mayad* case followed the reasoning in *Meshwert v. Meshwert*, 549 S.W.2d 383 (Tex.1977). The Supreme Court, in a Rule 21c case, held that the term "reasonably explaining" means any plausible statement of circumstances indicating that the failure to file within the 60-day period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance.

In applying the *Meshwert* standard, the Dallas Court of Civil Appeals, in *Brice v. Brice*, 581 S.W.2d 699 (Tex.Civ.App. Dallas 1979, no writ), held that an attorney's "preoccupation" with the Christmas holidays, other litigation and other affairs would not satisfy the court as being a reasonable explanation. The court stated:

> " . . . Otherwise, any excuse, no matter how flimsy, would be sufficient

for postponement of the appeal. Obviously, this was not the intent of Rule 21c, and, therefore, we hold that petitioner . . . has failed to reasonably explain his need for an extension of time."

The burden of "reasonably explaining" the failure to amend was on appellant Coleman. *Finley v. Finley*, 410 S.W.2d 818 (Tex.Civ.App. Tyler 1966, writ ref'd n. r. e.); *Calaway v. Gardner*, 525 S.W.2d 262 (Tex. Civ.App. Houston–14th Dist. 1975, no writ). Although counsel for Dr. Coleman testified that he was heavily burdened with other legal matters during the 15-day period in which to amend, he also testified that he was aware of the requirements of the order. He did not comply with the court's order nor did he contact either opposing counsel or the trial court to request an extension of time within which to comply. A question was presented to the trial court as to whether appellant's counsel offered a reasonable explanation. We have reviewed the record and cannot say that the trial court abused its discretion in denying the motion for reinstatement.

Relative to the striking of Coleman's counterclaim, Coleman is correct in stating the general rule that an involuntary dismissal, such as for want of prosecution, is a dismissal without prejudice. *Murphy v. Stigall*, 352 S.W.2d 918 (Tex.Civ.App. San Antonio 1961, writ ref'd). However, an exception exists where the dismissal is pursuant to an order sustaining a special exception. McDonald's states the rule to be as follows:

> "The effect upon the case of a ruling sustaining a special exception depends in part upon whether the defect is one of substance or form, . . .
>
> " . . . After the sustaining of a special exception, a defective pleading can be cured only by amendment, and when no amendment is offered it is necessary to determine whether the cause can be tried on the pleadings which remain. If the ruling is fatal to the plaintiff's recovery on every theory alleged, . . . either because it strikes down the whole of each

theory, or because it eliminates an essential element of each theory, the claim will be dismissed. . . . " 3 McDonald's, Texas Civil Practice § 10.14.5, p. 20 (1970).

*Farias v. Besteiro,* 453 S.W.2d 314 (Tex.Civ. App. Corpus Christi 1970, writ ref'd n. r. e.); *Rutledge v. Valley Evening Monitor,* 289 S.W.2d 952 (Tex.Civ.App. San Antonio 1956, no writ). In both of these cases, it was held to be a proper order to dismiss with prejudice when special exceptions going to the existence of a cause of action are sustained and the plaintiff fails to amend.

McDonald's states the following:

" . . . A judgment sustaining a special exception which goes to the sufficiency of the plaintiff's petition to state a cause of action and not merely to the form of the allegation, and upon a refusal to amend dismissing the cause, will preclude a later prosecution of a second action upon the same claim. . . . " 4 McDonald's, Texas Civil Practice § 17.17, p. 97 (1971).

See *Robicheaux v. Gulf Production Company,* 128 Tex. 441, 99 S.W.2d 880 (1937).

In the instant case, Blanton's special exceptions challenged both the form and substance of Coleman's petition. Though Dr. Coleman brought his suit purporting to be a deceptive trade practices act case under § 17.46(b)(5) and § 17.50(a)(3), Tex.Bus. & Comm. Code Ann. (Supp.1978–1979), the allegations were only for a breach of contract to timely complete the construction of a swimming pool. The trial court was correct in sustaining the special exceptions to Coleman's petition because:

◼ (1) An allegation of breach of contract, without more, as a matter of law, does not constitute a "false, misleading or deceptive" act such as would violate § 17.46(a) and (b) and the "laundry list" found therein. In the case of *Holloway v. Dannenmaier,* 581 S.W.2d 765 (Tex.Civ.App. Fort Worth 1979, writ dism'd), it was held that a failure to perform a promise does not constitute a misrepresentation that violates the Deceptive Trade Practices Act.

◼ (2) Coleman's allegation, being a mere breach of contract, does not assert an "unconscionable action or course of action" that would constitute a violation of § 17.50(a)(3).

It is apparent that the court's action in sustaining the special exceptions, and subsequently dismissing the case for want of prosecution when Dr. Coleman failed to amend, had the cumulative effect of a dismissal with prejudice. When the court sustained the special exceptions and Coleman failed to amend, no allegations remained which would have allowed Dr. Coleman to recover under the Deceptive Trade Practices Act. There was no alternative cause of action in Coleman's petition by which he sought relief.

Appellant's third point of error is also without merit because an allegation of breach of contract, without more, as a matter of law, does not constitute a false, misleading or deceptive act within the Deceptive Trade Practices Act. *Holloway v. Dannenmaier,* supra.

Appellant's points of error are overruled. The judgment of the trial court is affirmed.