**CHANCELLORS RACQUET CLUB, Appellant,**

v.

**Alvin SCHWARZ, et al., Appellees.**

No. 01–82–0886–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 22, 1983.
Rehearing Denied Oct. 27, 1983.

Sam Stolbun, Houston, for appellant.

James Lempert, Houston, for appellees.

Before DOYLE, WARREN and DUGGAN, JJ.

OPINION

DOYLE, Justice.

This appeal arises from the trial court's judgment in favor of the appellees for the rescission of a contract of membership in the appellant's racquet club.

Alvin Schwarz and wife, Linda, brought suit against the Chancellors Racquet Club (Chancellors) seeking to recover money paid for a membership and dues in the club's athletic and recreational facility. The appellees claim that they purchased the $1750 tennis membership on October 1, 1976, only because they were unable to buy a desired cheaper membership and for the further reason that they were told that there would never be any memberships available other than the full tennis membership. Some seven months later, when Chancellors began offering a new and lesser priced membership, the appellees filed suit against Chancellors alleging fraudulent misrepresentation. The trial court rendered judg-. ment for the appellees in the amount of $2110, on the basis that the contract was

subject to rescission and that the appellees were entitled to their $1750 initiation fee plus $360 for nine payments of monthly dues at $40 per month. The appellant brings four points of error and the appellees present two cross-points.

Before entering into a discussion of any points of error or counter-points, we deem it appropriate to examine closely the appellees' pleadings and the ten findings of fact upon which the trial court based its judgment.

We first examine the appellees' pleadings which were never supplemented or amended. In paragraph 6 of the appellees original petition they allege that the appellant engaged in a false, misleading and deceptive act or practice within the meaning of the Texas Deceptive Practices-Consumer Protection Act (DTPA) and that the appellees were entitled to recover, pursuant to the provisions of § 17.50(b) of the Texas Business and Commerce Code Ann., three times the amount of their actual damages, plus attorney fees. In paragraph 7, the appellees alternatively plead common law fraud based upon the alleged false representations and false statements of a material fact, made to be acted upon and to induce the appellees to join the club. They claim actual and punitive damages for this alleged fraud. Also in the alternative, in paragraph 8, the appellants aver that they are entitled to equitably rescind the contract because of the appellant's refusal of their tender of membership termination.

The following findings of fact were relied upon to support the trial court's judgment:

(1) Plaintiffs were told that there would never be any type of membership available at Chancellors Racquet Club, other than tennis memberships.

(2) That in reliance upon Defendant's statements, Plaintiffs purchased a tennis membership in Chancellors Racquet Club.

(3) But for the representation by Defendant by or through its agents, that there would never be memberships offered other than tennis, Plaintiffs would not have purchased a tennis membership.

(4) That the cost of the tennis membership was $1,750.00.

(5) That the Plaintiffs paid to Defendant the full $1,750.00.

(6) That Plaintiff paid monthly dues of $40.00 each for nine (9) months being a total of $360.00.

(7) That at some time period after Plaintiffs purchased their tennis membership, Defendant offered other types of memberships.

(8) That the subsequent memberships offered by Defendant were of the type originally requested by Plaintiff.

(9) That the cost of the subsequent memberships were less than the $1,750.00 paid by Plaintiffs.

(10) That the Court finds that Plaintiffs' reasonable attorney's fees amount to at least $2,000.00.

The appellant's four grounds of error are directed at the absence of or the insufficiency of the evidence to prove a basis for the rescission of the contract either on fraudulent misrepresentation or under the DTPA.

In order to sustain their burden of proof, the appellees had to present evidence showing false representations, fraudulent statements, actionable fraud or some sort of deceptive action or practice. The only evidence that we can find in the record on which any claim of fraud could possibly be predicated is the representation of Mr. Heckler. The appellees had sought a membership which only included racquet ball. They were told by Mr. Heckler that only a tennis membership was then being offered and that there were no plans to offer any other types of membership. Seven months later, the owners of Chancellors determined that the racquet ball facilities were not being used to their optimum and decided to offer a lowerpriced $250 racquet ball membership with monthly dues of $25 per month. It is this act of the owners, after Mr. Heckler's representation that none other than full tennis memberships would ever be offered, that the appellees claim constitutes fraud. No other testimony in the

record reveals any representations by Chancellors' owners or agents.

It is undisputed that the representation made the basis of this lawsuit concerned the non-occurrence of a future event. The law is well settled in Texas that "in order for a promise to constitute fraud it is necessary that it be made with the intent at the time not to perform, and with the intent, design, and purpose of deceiving." *Murray v. Frankland,* 347 S.W.2d 374 (Tex.Civ.App.—Houston 1961, no writ); *Johnston et al v. Bracht,* 237 S.W.2d 364 (Tex.Civ.App.—San Antonio 1951, no writ); 25 Tex.Jur.2d *Fraud and Deceit* § 19 (1961).

■ Before a promise to do something in the future can be actionable fraud, a plaintiff must plead and prove that at the time the promise was made, the defendant had no intentions of carrying out the promise. *Precision Motors, Inc. v. English,* 517 S.W.2d 371 (Tex.Civ.App.—Beaumont 1974, no writ); *Acoustical Screens in Color, Inc. v. Lordon Co. Inc.,* 524 S.W.2d 346 (Tex.Civ.App.—Dallas 1975); Failure to perform a promise to do something in the future does not establish that a party had no intention to perform at the time the promise was made. *Acoustical Screens, supra,* and the cases cited therein.

In *Stone v. Enstam,* 541 S.W.2d 473 (Tex.Civ.App.—Dallas 1976, no writ), the court stated:

> Stone argues that Dean made false representations which induced him to purchase the stock. We find no evidence of a false representation of existing material fact. Where statements or representations are alleged to have been fraudulent but are in the nature of a promise or of an act to be performed in the future and not statements of existing facts, such statements cannot legally be said to be a fraudulent misrepresentation unless it is alleged and proved that at the time the statement or promise was made the person making the same did not intend to perform it. The mere failure to perform a promise is not of itself evidence of an intent not to perform. *Rapid Transit Co. v. Smith,* 98 Tex. 553, 86 S.W. 322, 335 (1905); *Preci-*

*sion Motors v. Cornish,* 413 S.W.2d 752, 756 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.); and *Morgan v. Box,* 449 S.W.2d 499, 504 (Tex.Civ.App.—Dallas 1969, no writ).

■ In the instant case, the promise concerned a future act, that is, that Chancellors would not offer a limited membership in the future. Appellees had to plead and prove that at the time the statement was made, the maker had no intention of not offering a limited membership in the future, i.e., that although Mr. Heckler told appellees none would be offered, Chancellors actually planned to offer such. Appellees failed to plead and prove the issue of intent, a necessary element in an action for fraud involving a promise to act in the future.

Appellees contend that they need not prove intent under the DTPA, and cite as authority *Pennington v. Singleton,* 606 S.W.2d 682 (Tex.1980). *Pennington* is distinguishable. In that case Singleton sold a boat to Pennington representing the condition of the boat as being perfect, excellent and like new. This representation was false. Pennington filed suit after discovering that the gear housing was cracked, contending a violation of Subdivisions (5) and (7) of § 17.46(b) of the DTPA. In the instant case, no such violation was alleged. The misrepresentation in *Pennington* did not concern a promise to act in the future. Rather, it concerned the state of the boat at the time of purchase.

Texas courts have held that a mere failure to perform a promise does not under every circumstance constitute a misrepresentation that violates the DTPA. *Holloway v. Dannenmaier,* 581 S.W.2d 765 (Tex.Civ.App.—Ft. Worth 1979, no writ); *Coleman v. Hughes Blanton, Inc.,* 599 S.W.2d 643 (Tex.Civ.App.—Texarkana 1980, no writ). A plaintiff must usually allege and prove that at the time the promise was made, the speaker never intended to carry out the promise. *Holloway, supra.* Such was required here. We sustain appellant's four points of error.

By two crosspoints of error, the appellees contend that the trial court erred in failing to find that they are entitled to recover treble damages and attorney's fees under the DTPA because the findings of fact by the trial court as supported by the evidence left the trial court with no alternative but to do so.

We disagree with this contention. The findings of fact and conclusions of law are exactly as requested by the appellees. While the findings refer to "representations", nowhere do they mention "misrepresentations".

Neither do they reflect a finding of any "false, misleading or deceptive act or practice," or any "unconscionable act or course of action" as mandated by § 17.50(a)(1), (3) of the DTPA. In fact, the court found no fraud, a missing element fatal to the appellees' entire cause of action under each alternative theory of recovery. The appellees have cited no authority, nor have we been able to find any case, where recovery has been allowed in the absence of a finding of one or more of the enumerated elements of fraud.

Further, it can be implied that the trial court did not find fraud under the DTPA since there was no recitation or finding of fact as to treble damages or attorneys' fees. Appellees' two counterpoints are overruled.

For all of the foregoing reasons, we find no basis justifying the rescission of the contract. The record does not support the appellees' claim of fraud and there was no pleading, proof, or findings of any other grounds for rescission such as duress, failure of consideration or undue influence.

The judgment of the trial court is reversed and judgment is here rendered that the appellees take nothing by reason of their suit; that the appellant have judgment for its costs in the trial court, and that all costs of this appeal be adjudged and assessed against the appellees.