**RRTM RESTAURANT CORPORATION, Appellant,**

v.

**Jim KEEPING, d/b/a Jim Keeping Eq., Appellee.**

No. 05–87–01324–CV.

Court of Appeals of Texas, Dallas.

Dec. 29, 1988.

Rehearing Denied Feb. 22, 1989.

 

William J. Teitelbaum, Dallas, for appellant.

Thomas A. Melody, Dallas, for appellee.

Before DEVANY, McCLUNG and LAGARDE, JJ.

McCLUNG, Justice.

Appellant appeals an adverse take-nothing judgment in a suit brought under the Texas Deceptive Trade Practices Act (DTPA). Appellant alleges that the trial court erred in failing to find a deceptive trade practice or unconscionable conduct on the part of appellee, finding no breach of warranty or of contract, and in finding that an oven sold by appellees to appellant was in good working order within the thirty-day express warranty period. Because we hold that the trial court's finding that there was no violation of the DTPA section 17.46(b)(5) was against the great weight and preponderance of the evidence, we reverse and remand to the trial court.

Appellee Keeping owns and manages a store that sells used restaurant equipment. The store is divided into two sections: a repair section, that contains ovens in the process of being repaired, and a showroom that contains repaired ovens ready for sale.

Appellant's agent (Agent) agreed to purchase a used oven that was then in the repair section of appellee's store on February 20, 1985. Appellee's salesman (Salesman) understood that the agent was purchasing an oven to be used in a restaurant in Kansas and that the agent was seeking an operational oven, *i.e.*, not for the purpose of resale. The salesman stated that although the oven was not presently in working order, it would be properly repaired and would be made operational for the agent when he returned to pick it up. Appellant paid $1,751.06 for the oven at this time, stating that he would return for it at a later date.

When the agent returned to appellee's store on the agreed date, the oven was not repaired. In order to close the sale, the salesman took the agent to the showroom section of the store and showed him a

different oven that he suggested be substituted for the one that appellant had chosen and paid for earlier. As stated before, it was understood by the agent and the salesman that it was necessary that the oven be functional; indeed, the salesman testified that he thought that he was furnishing the agent with an oven in good working order. The oven was taken to Kansas and later installed in a restaurant that appellant was preparing to open. Approximately 78 days later, this oven was tested for the first time and completely failed to function.

Appellant attempted repairs, for which it received an estimate of $1,200 from a reputable repair service. At this point the testimony is in conflict. Appellant alleges, and the testimony of appellee's salesman supports this allegation, that appellee was contacted with regard to these repairs. Appellant's agent testified that he spoke to the salesman and that the salesman approved the repairs, saying that appellee would cover the cost. The salesman stated that he told appellant to undertake repairs after speaking directly with Keeping and getting his authorization to pay for the repairs to the oven. On the basis of these assurances, appellant had the oven serviced. The actual cost of repairing the oven was $1,911.50. When appellant demanded reimbursement, appellee Keeping denied authorizing any repairs and refused the repair expenses. Keeping testified that he did not authorize any repairs nor did he authorize his salesman to do so.

After working for a short period of time the oven failed again. Appellant was advised by the repair service that any further attempts to repair this oven would be futile because the oven sold by appellee was merely a shell, missing many parts to be completely operational; therefore, no subsequent repairs were attempted. Appellant brought this suit claiming damages under the DTPA sections 17.46(b)(5), (7), and (13); however, we deal here only with the allegations regarding subsection (5).

Appellant alleges in its first point of error that the trial court erred in finding no deceptive trade practice or unconscionable conduct on the part of appellee because such finding is against the great weight and preponderance of the evidence and there is no evidence to support such a finding. Appellant has in this point of error raised both a factual and legal sufficiency challenge to the court's finding on this point. In a trial to the court a trial court's findings of fact are reviewable for factual and legal sufficiency by the same standards as are applied in reviewing the factual and legal sufficiency of evidence supporting a jury's answers to jury questions. *1st Coppell Bank v. Smith*, 742 S.W.2d 454, 459 (Tex.App.—Dallas 1987, no writ); *Baker v. Baker*, 719 S.W.2d 672, 674–75 (Tex.App.—Fort Worth 1986, no writ); *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r. e.). We will first address appellant's legal sufficiency argument.

## LEGAL SUFFICIENCY

In reviewing the legal sufficiency claim we must consider only the evidence and reasonable inferences drawn therefrom, which, when viewed in their most favorable light, support the trial court's finding. The Court must disregard all evidence and inferences to the contrary of the fact finding. If there is more than a *scintilla* of evidence to support the finding, the challenge fails. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987).

■ We first note that appellant does not style his legal sufficiency argument properly. When the complaining party had the burden on the issue and it was answered adversely, the point should be styled as a "matter of law" rather than a "no evidence" point, because the fact finder's failure to find a fact need not be supported by the evidence. The only time such a failure can be error is when the fact has been established conclusively or as a matter of law. Cornelius, *Appellate Review of Sufficiency of the Evidence Challenges in Civil and Criminal Cases*, 46 TEX.B.J. 439, 440 (1983). The initial review of this "matter of law" point is the same as that required for a "no evidence" point; however, in addition to finding no probative evidence to support the finding, this Court must also

find that the contrary proposition is established as a matter of law. *Holley v. Watts,* 629 S.W.2d 694, 696 (Tex.1982).

■ Appellant alleges that appellee violated DTPA section 17.46(b)(5). Subsection (5) prohibits representing that goods have characteristics or uses which they do not in fact have. TEX.BUS. & COMM.CODE ANN. § 17.46(b)(5) (Vernon 1987). A good may lack its claimed characteristics or fail to bring about its claimed uses or benefits because it is not in good mechanical condition. *Pennington v. Singleton,* 606 S.W. 2d 682, 687 (Tex.1980). While there is no evidence that the oven was ever represented by the salesman to be "like new," or even in "excellent condition," the testimony of both the agent and the salesman is clear that there was an expectation by each of these men that the oven purchased was to be in good working order. This is not a case where a salesman attempted to, and did, deceive a customer into buying a good through purposeful misrepresentation; but there was nevertheless a representation that this particular oven were operational. The law is clear that the *misrepresentation* is enough; it need not be purposeful. Intentional misrepresentation is not required to show a violation of this subdivision, so long as the misrepresentation is not mere "puffing." *Parks v. U.S. Home Corporation,* 652 S.W.2d 479, 484 (Tex. App.—Houston [1st Dist] writ dism'd w.o. j.). See also *Smith v. Baldwin,* 611 S.W.2d 611 (Tex.1981).

■ As noted above, there is uncontradicted testimony that there was an agreement that the oven which was originally chosen by the agent was to be repaired so that it would be in good working order when the agent returned to pick it up. Since the oven had not been repaired, the salesman offered a substitute from the showroom floor. The salesman testified that he meant to furnish the agent with a good working oven and that he thought that the ovens from the showroom were in good working order.

There is no evidence showing that the characteristics (that it was in good working order) of the oven were true to the sales-man's representations; in fact, the facts seem to point to the contrary. Appellant must go further than this, however. In order to sustain this legal sufficiency challenge we must, disregarding all evidence adverse to the fact finding, find that the contrary proposition is established as a matter of law. *Holley,* 629 S.W.2d at 696. The problem here is that there is no evidence that shows as a matter of law that, at the time of the sale, the oven either did or did not possess those characteristics that it was represented to possess. At best, appellant was able to show that the oven was not in working order some 78 days after delivery. Consequently, we cannot sustain appellant's legal sufficiency argument.

### FACTUAL SUFFICIENCY

Appellant also raises an "against the great weight and preponderance of the evidence" factual sufficiency argument with regard to the failure of the trial court to find a deceptive trade practice. In reviewing all factual sufficiency points, the Court will consider all of the evidence in the record that is relevant to the fact being challenged. This Court may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). Our scope is therefore broader than it was in considering appellant's legal sufficiency argument. Here we consider all of the evidence, not just evidence and logical inferences from that evidence which support the finding of the trier of fact. However, this Court is not a fact finder. We do not pass upon the credibility of the witnesses or substitute our judgment for that of the trier of fact. This is true even if there is conflicting evidence upon which a different conclusion could be supported. *Clancy v. Zale,* 705 S.W.2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). The following was clearly shown by the evidence and is relevant to our consideration: (1) the agent made it clear to the salesman that he meant to purchase a fully operational oven; (2) there was an agreement between the

agent and the salesman that the oven originally chosen by the agent was to be repaired so that it would be operational when delivered; (3) when the original oven chosen was not repaired, the salesman substituted an oven from the showroom floor; (4) appellant believed that this substituted oven was fully operational; (5) the salesman meant to furnish the agent with a working oven; (6) the salesman thought that this oven from the showroom was in good working order; (7) the agent relied on this representation when he accepted the substituted oven; (8) this substituted oven did not work when appellant attempted to use it some 78 days after he purchased it; (9) appellant attempted costly repairs in an attempt to make the oven operational; (10) appellant was advised that it was not feasible to attempt to fully repair the oven because it was merely a shell, missing many important parts at the time it was sold; (11) Keeping offered no evidence from any source to suggest the oven was ever operational and does not dispute any evidence presented by appellant.

▮ Appellant's only argument is that the agent had a great deal of experience in the purchasing of used restaurant equipment. We need not consider the expertise of appellant's agent because the applicable test is an objective rather than a subjective test. *Chastain v. Koonce*, 700 S.W.2d 579, 583 (Tex.1985). The applicable standard is "whether the statement has a tendency to deceive the ignorant, the unthinking, and the credulous who do not stop to analyze but are governed by appearances and general impressions." *Spradling v. Williams*, 566 S.W.2d 561, 562 (Tex.1978).

It was not unreasonable for the agent to believe that the oven was in working order. Both the agent and salesman thought that the oven in question was fully operational and ready to use. It was obviously not discernible from the outside appearances of the oven that it did not function. The salesman testified that while he did not fire up the oven in the showroom to see that it generated heat, he satisfied himself by turning the oven on and noting that all of the indicator lights functioned in a normal

fashion. This was his standard test to check to see that an oven was operational. Further, this oven was located in the showroom section rather than in the repair section of appellee's store. We hold that it was reasonable for the agent to rely upon these representations that this oven was functional.

▮ In light of the overwhelming evidence showing a misrepresentation and the fact that appellee did not present any evidence showing that the oven possessed the characteristics that it was represented to possess, we hold that the finding that there was no violation of DTPA section 17.-46(b)(5) is against the great weight and preponderance of the evidence. Accordingly, we sustain appellant's first point of error on factual sufficiency grounds only. Because we are sustaining point of error one, we need not address appellant's other points of error.

We reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

LAGARDE, J., dissents.

LAGARDE, Justice, dissenting.

I respectfully dissent. I disagree with the majority that the trial court's decision is against the great weight and preponderance of the evidence.

This case was tried before the court. A trial court's findings of fact are reviewable for factual and legal insufficiency by the same standards as are applied in reviewing the factual and legal sufficiency of evidence supporting a jury's answers to jury questions. *See 1st Coppell Bank v. Smith*, 742 S.W.2d 454, 459 (Tex.App.—Dallas 1987, no writ).

Properly, if the complaining party attacks on appeal the factual sufficiency of a finding for which he had the burden of proof at trial, it brings the challenge as an "against the great weight and preponderance of the evidence" point of error. Cornelius, *Appellate Review of Sufficiency of the Evidence Challenges in Civil and Criminal Cases*, 46 TEX.B.J. 439, 441 (1983). A great weight and preponderance

point requires a consideration of all the evidence, both that tending to prove the fact and that tending to disprove the fact. *Id.*

The finding that is attacked here is whether the seller misrepresented the fact that the oven was operational at the time it was sold. The majority correctly states that the appellant was not required to prove at trial that the misrepresentation was *intentional, see Smith v. Baldwin,* 611 S.W.2d 611, 616 (Tex.1981); however, it then incorrectly proceeds with its analysis as if the appellant were not required to prove that a misrepresentation was, in fact, made at all. It is with this I disagree. In order to meet its burden of proof at trial, the buyer must not only plead that at the time of the sale the representation was made by the seller to the buyer that the oven did in fact work, but the buyer must then prove at trial that, at the time of the sale, the oven did not in fact work. *See Chancellors Racquet Club v. Schwarz,* 661 S.W.2d 194, 195 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

The only possible evidence on this point is: (1) the salesman turned the oven on in the showroom and all the indicator lights functioned in a normal fashion and satisfied the salesman and the buyer that the oven was functioning; (2) seventy-eight days after the sale, following shipment to Kansas and storage for some period of time, the oven did not work; and (3) a repair company alleged, after having repaired the oven once, that many parts were missing from the oven and it could not be fixed.

There is nothing in the record to indicate exactly what occurred during the seventy-eight days between the sale and the failure of the oven. As a result, there is no way to determine if the oven was damaged or stripped during transit or storage. Accordingly, the trial court concluded that the buyer did not prove, by a preponderance of the evidence, that the oven was inoperative when purchased.

I cannot conclude, based on these facts, that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain,* 709 S.W.2d at 176. An appellate court simply cannot substitute its judgment for that of the trial court. *See Clancy v. Zale Corp.,* 705 S.W.2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Consequently, I respectfully dissent.