COBB v. Wilson 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-084-CV





MICHAEL COBB,



 APPELLANT

vs.




CHRIS WILSON AND POPE, ROBERTS & WARREN, P.C.,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT



NO. 91-9751, HONORABLE JOE B. DIBRELL, JUDGE PRESIDING



 





 Michael Cobb, appellant, sued Chris Wilson and the law firm of Pope, Roberts &
Warren, P.C., appellees, for an alleged violation of the Deceptive Trade Practices Act (DTPA),
Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 1987 & Supp. 1992). The trial court rendered
a take-nothing summary judgment against Cobb. On appeal, Cobb argues that the summary
judgment was rendered on the basis of an incorrect conclusion that the Statute of Frauds
conclusively barred Cobb's DTPA cause of action. We will affirm the judgment of the district
court.



I.


 The parties are in substantial agreement as to the facts of this case. The dispute
arose out of Cobb's attempt to purchase a parcel of real property at a foreclosure sale held at the
Travis County Courthouse on April 2, 1991. Appellee Chris Wilson, acting in his capacity as substitute trustee, conducted the sale through public bidding. Wilson, acting in the capacity
of agent for the mortgagee, bid on the property at the foreclosure sale. Cobb ultimately bid
$36,000 for the property, at which point Wilsonas substitute trusteeadjourned the bidding
process and instructed Cobb to bring to his office at 2:00 p.m. that afternoon a cashier's check
in the amount of $36,000 payable to Wilson's law firm, appellee Pope, Roberts & Warren, P.C. 
Cobb complied with the instructions, but when he arrived at the office Wilson told him that the
sale could not occur as planned and that the sale had not been final. Apparently Wilson had come
to realize that he had made an error in carrying out the bidding instructions of his principal. 
Wilson re-posted the property for foreclosure sale the following month, at which time it was
purchased by another party.



II.


 The standards for reviewing a summary judgment are well established:



1. The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of
law.


2. In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true.


3. Every reasonable inference must be indulged in favor of the non-movant and
any doubts resolved in its favor.



Nixon v. Mr. Property Mgt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).



III.


 Cobb's complaint, although couched in terms of a violation of the DTPA, is in fact
merely a claim for breach of contract. Texas case law is clear that a breach of contract, without
more, is not actionable under the DTPA. Ashford Dev., Inc. v. USLife Real Estate Servs. Corp.,
661 S.W.2d 933, 935 (Tex. 1983); Enterprise-Laredo Assocs. v. Hachar's, Inc., No. 4-90-00714-CV (Tex.App.San Antonio, June 17, 1992, writ requested); Coleman v. Hughes Blanton, Inc.,
599 S.W.2d 643, 646 (Tex. Civ. App.Texarkana 1980, no writ); Dura-wood Treating Co. v.
Century Forest Indus., Inc., 675 F.2d 745, 756 (5th Cir. 1982). Although in alleging the DTPA
violation Cobb refers to the entire course of dealing between the parties, the essence of his cause
of action is revealed by Cobb's contention that Wilson "refused to perform on the agreement that
had been reached." In substance, the petition merely asserts a wrongful refusal to fulfil the terms
of a contract, assuming that one existed.

 Unlike Lawson v. Commercial Credit Business Loans, Inc., 690 S.W.2d 679 (Tex.
App.Eastland 1985, writ ref'd n.r.e.), which was cited by Cobb, the facts in the present case
show conclusively that, at most, appellees merely failed to perform under an oral agreement. 
Even taking as true the summary-judgment evidence favorable to Cobb and giving him the benefit
of every doubt, appellees did no more than breach an oral contract and misrepresent the reason
why they were breaching it. Such actions do not, however, constitute a violation of the DTPA,
and Cobb's pleadings make it clear that the only cause of action he attempts to plead is for a
DTPA violation.

 Cobb asserts that the summary judgment was rendered solely on the legally
questionable ground that the Statute of Frauds, Tex. Prop. Code Ann. § 5.021 (West 1984), is
a defense to a DTPA claim. As support for this contention, Cobb points to a letter from the trial
judge addressed to counsel for both parties citing the Statute of Frauds as the basis for the
summary judgment. We are not permitted, however, to consider this letter as part of the appellate
record. See Frank v. Kuhnreich, 546 S.W.2d 844, 847 (Tex. Civ. App.San Antonio 1977, writ
ref'd n.r.e.); Benedict v. Benedict, 542 S.W.2d 692, 700 (Tex. Civ. App.Fort Worth 1976, writ
dism'd). We must rely instead on the summary-judgment order itself to reveal the grounds on
which the trial court ruled. That order states: "The Court finds that [Cobb's] claims and causes
of action asserted against [appellees] are barred by the affirmative defense of the Statute of Frauds
and other defenses properly asserted by [appellees]." (Emphasis added.)

 It is necessary, therefore, to determine what "other defenses" appellees properly
asserted in their motion for summary judgment. The transcript shows that appellees moved for
summary judgment based, inter alia, on their contention that the DTPA is inapplicable to this
breach-of-contract case. Thus, the summary judgment is sustainable on a legally correct theory
that was properly asserted by the appellees.



IV.


 Cobb further alleges that the trial court erred in sustaining appellees' objection to
a portion of Cobb's own affidavit offered in opposition to the motion for summary judgment. We
conclude that it is unnecessary to determine whether the trial court erred in this regard, because
the pertinent portions of the affidavit are cumulative and merely reiterate the core breach-of-contract allegations recited above. Accordingly, we conclude that even if there was error in the
trial court's ruling, such error was harmless.

 For the foregoing reasons, we overrule Cobb's points of error and affirm the trial
court's judgment.



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: November 18, 1992

[Do Not Publish]