C. Michael Black v. Braeswood Place Owners Assoation, etal
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-355-CV

     C. MICHAEL BLACK,
                                                                         Appellant
     v.

     BRAESWOOD PLACE OWNERS
     ASSOCIATION, ET AL.,
                                                                         Appellees
 

From the 270th District Court
Harris County, Texas
Trial Court # 00-25309
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Michael Black appeals the trial court’s order dismissing his claims. In five similar subsidiary
issues, he essentially argues one point: that it was error and an abuse of discretion for the trial
court to order a “complete and final dismissal of all claims asserted in this matter.” Black
interprets the order as a dismissal of his claims with prejudice.


 Black urges this Court to restore
him to his original position before he filed suit and to reform the trial court’s order to reflect that
his case was dismissed without prejudice. Defendants argue that because Black failed to join the
necessary parties as directed by the court, the order is a proper dismissal “with prejudice.”
      Defendants cite Coleman for the proposition that a court may properly order dismissal with
prejudice as a result of a party’s failure to amend his pleadings as directed by the court. Coleman
v. Hughes Blanton, Inc., 599 S.W.2d 643, 645 (Tex. Civ. App.—Texarkana 1980, no writ). In
Coleman, the court reiterated the general rule that an involuntary dismissal is a dismissal without
prejudice, and added “an exception exists where the dismissal is pursuant to an order sustaining
a special exception.” Id. In the present case, the court did not order dismissal of Black’s claims
on the special exceptions, but rather, the court ordered dismissal based on the grounds set forth
in defendants’ motion to dismiss.


 See Texas-Ohio Gas, Inc. v. Mecom, 28 S.W.3d 129, 140
(Tex. App.—Texarkana 2000, no pet.). Moreover, the record does not contain the required
written order on the special exceptions.


 Id. at 141. Accordingly, the exception cited in Coleman
does not apply here.
      The language of the order in this case states that it is a “complete and final dismissal of all
claims asserted in this matter.” However, the order does not specifically state that this case is
dismissed “with prejudice.” If an order does not state that the case is dismissed with prejudice,
it is presumed that the dismissal is without prejudice. E.g., Greenwood v. Tillamook Country
Smoker, Inc., 857 S.W.2d 654, 656 (Tex. App.—Houston [1st Dist.] 1993, no writ). Moreover,
a dismissal for non-joinder of a necessary party is a dismissal without prejudice. Motor Vehicle
Bd. of Texas Dep’t of Transp. v. El Paso Indep. Auto Dealers Ass’n, 37 S.W.3d 538, 542 n.17
(Tex. App.—El Paso 2001, pet. denied); Blythe v. City of Graham, 303 S.W.2d 881, 883 (Tex.
Civ. App.—Fort Worth 1957, no writ) (trial court properly ordered dismissal without prejudice
for failure to join necessary property owners). Therefore, the trial court’s order in this case is a
dismissal without prejudice. Because the order is a dismissal without prejudice, we need not direct
the trial court to reform its order. Accordingly, we find the trial court did not err or abuse its
discretion. We overrule Black’s five subsidiary points.
      The trial court’s order [judgment] is affirmed. 

                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed November 6, 2002
Do not publish
[CV06]